ATWOOD W. HARDING, in equity,

*vs.*

GEORGE JEWELL and another.

Waldo.    Opinion May 26, 1882.

*Deed.    Equity.*

When the grantor by inadvertance or mistake fails to place a seal upon his deed, equity will require him to perfect it so that it will comply with his intention at the time of giving it.

H and J exchanged farms, J giving H a mortgage back to secure the difference which he was to pay. Neither deed nor the mortgage was sealed. H repossessed himself of his old place, and insured the buildings, and, they being destroyed by fire, collected the insurance, and gave his wife a quitclaim deed of the premises. *Held,* In a bill in equity H against J to compel him to seal his deed that the decree would issue as prayed for, providing H sealed the deed which he gave J, and procured a quitclaim deed back from his wife, and accounted for the insurance money less the premium, and the rents and profits while he was in possession, and allowed all of such insurance, rents and profits upon the mortgage debt which he held against J, upon the principle, that he who asks equity must do equity.

BILL IN EQUITY to compel the respondents to perfect their deed by affixing a seal.

Heard on bill, answer and proof.

The material facts are stated in the opinion.

*W. H. Fogler and R. W. Rogers,* for the plaintiff, cited : Chitty Contr. 104, 105, 111, 1071, 1072 ; Story Eq. Jur. § § 165, 1502, note 2 ; *Adams* v. *Stevens,* 49 Maine, 362 ; 3 Wash. R. P. 333, 349, 350, 368 ; *Moore* v. *Griffin,* 22 Maine, 354 ; *Soutter* v. *Porter,* 27 Maine, 417 ; *Higgins* v. *Wasgatt,* 34 Maine, 308 ; *Abbott* v. *Abbott,* 53 Maine, 356 ; *Bates* v. *Foster,* 59 Maine, 157 ; *Johnson* v. *Leonards,* 68 Maine, 239.

*Don A. H. Powers,* for the defendants, cited : *Randall* v. *Bradley,* 65 Maine, 43 ; *Eveleth* v. *Wilson,* 15 Maine, 109 ; *Elder* v. *Elder,* 10 Maine, 80 ; *Miller* v. *Whittier,* 32 Maine, 203 ; *Rowel* v. *Jewett,* 69 Maine, 293 ; *McIntire* v. *Plaisted,* 68 Maine, 363 ; *Gould* v. *Murch,* 70 Maine, 288 ; *Thompson* v. *Gould,* 20 Pick. 134 ; *Wells* v. *Calnan,* 107 Mass. 514.

LIBBEY, J. By the bill, answer and proofs, it appears that the plaintiff, and the defendant, George Jewell, were respectively the owners of farms situated in Troy; and on the ninth day of December, 1873, made an agreement to exchange them; and said defendant executed to the plaintiff what the parties supposed was a deed of his farm, the other defendant, Arvilla. J. Jewell, joining in relinquishment of her right to dower in the premises; and the plaintiff executed to the defendant a similar deed of his farm, taking back what the parties supposed to be a mortgage, to secure the payment of eight hundred and seventeen dollars and fifty cents, the sum to be paid by the defendant as the difference in the value of the farms. In fact, neither of the deeds or the mortgage was sealed. Each party soon afterwards entered into possession of the premises thus conveyed to him.

The plaintiff repossessed himself of the farm which he intended to convey to the defendant, in July 1876; and on the twenty-second day of March, 1877, by deed of quitclaim, conveyed the same to Sarah J. Harding.

After the plaintiff thus took possession in 1876, he insured the buildings on the farm, for seven hundred dollars, and before the commencement of this suit, they were consumed by fire, and the insurance received and appropriated by the plaintiff and Sarah J. Harding.

The plaintiff and Sarah J. Harding have held the possession of said premises since July, 1876, receiving the rents and profits.

The plaintiff brings this bill against the defendants to require them to seal their deed which they executed to him December 9, 1873.

The deeds and mortgage were not sealed through inadvertance or mistake, and equity requires each party to perfect his deed as it was his intention at the time. But the plaintiff while in possession of the farm which he intended to convey to the defendant, executed a quitclaim deed to Sarah J. Harding, which he claims should be construed as an assignment only of the defendant's mortgage to him. Sarah J. Harding is not a party to the suit, and therefore no construction can now be put upon that deed which will bind her. It is at least a cloud upon the title.

If the plaintiff asks equity, he must do equity, and before he can require the defendants to perfect their deed to him, he must put the defendant, George Jewell, in the same situation he would have been in if his deed to him had been sealed when executed. This will require him to duly seal his deed, cause Sarah J. Harding to convey to the defendant any interest or title which she acquired by the plaintiff's deed to her, except the assignment of the defendant's mortgage ; and as the loss of the buildings before his conveyance to the defendant, and while he was in possession, must fall upon the plaintiff, (*Gould* v. *Murch*, 70 Maine, 288,) he must account for the insurance which he received, less the premium paid, and must also account for the rents and profits of the farm since he took possession in July, 1876. The insurance and rents and profits may be applied in payment of the mortgage, *pro tanto*, and if any balance remains it must be paid to the defendant, with interest.

Upon performance, or tender of performance by the plaintiff of the foregoing requirements on his part, the defendants must seal their deed to him.

If the parties cannot agree upon the amounts to be allowed for the insurance and rents and profits, the case must go to a master to state the accounts between the parties.

If the plaintiff does not elect, at the next term of court in the county, after the case is certified, to comply with the foregoing requirements on his part, the bill must be dismissed with costs for the defendants.

*Decree accordingly.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.